```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

AUDREY SWEENEY,                )
                               )
        Plaintiff,             )  Civil Action No. 5:09-213-JMH
                               )
v.                             )
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF SOCIAL         )  **MEMORANDUM OPINION AND ORDER**
SECURITY                       )
                               )
        Defendant.             )
                               )

                    **       **       **       **       **

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's decision denying her Supplemental Security Income and Disability Insurance Benefits [Record Nos. 9, 10].[1] Jurisdiction exists pursuant to 42 U.S.C. § 405(g). The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion for the reasons stated in this memorandum opinion and order.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for a period of disability and Disability Benefits on April 13, 2006, alleging disability beginning March 24, 2006 [Administrative Record (hereinafter, "AR")

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

1

12]. The claim was denied initially on April 17, 2006, and upon reconsideration on December 14, 2006. [*Id.*] She filed a written request for a hearing on January 8, 2007, and appeared and testified at a hearing on February 13, 2008. [*Id.*] Plaintiff was represented by Hon. Eric C. Conn at that hearing. [*Id.*] In a Decision dated May 6, 2008, Administrative Law Judge ("ALJ") Charlie Paul Andrus found that Plaintiff was not disabled and not eligible for benefits. [*Id.* at 12-20.] Plaintiff appealed. [*Id.* at 4.] The Appeals Council denied Plaintiff's request for a review of the ALJ's decision on May 13, 2009, and the ALJ's Decision became the final decision of the Commissioner. [*Id.* at 1.] Her administrative remedies having been exhausted, Plaintiff now appeals that Decision to this Court, and it is ripe for review. 42 U.S.C. § 1383(c)(3).

At the time of the ALJ's decision, the plaintiff was forty-seven years old and possessed a ninth-grade education. [*Id.* at 24, 26.] She has past relevant work experience as a factory worker and transit manager until March 2006. [*Id.* at 92.] She alleges that she is disabled and unable to work due to back pain, nerves, glaucoma, and carpal tunnel syndrome. [*Id.* at 91.]

At the conclusion of the administrative hearing on February 13, 2008, the ALJ asked a vocational exert to consider a hypothetical individual of Plaintiff's age, education, and work experience who could perform medium level work, lifting no more

than 50 pounds occasionally and 25 pounds frequently, limited to only occasional stooping. [*Id.* at 34.] The vocational expert identified jobs that such an individual could perform at the medium, light, and sedentary exertional levels, as follows: linen clerk (65,000 jobs nationally, 3,100 jobs regionally), hand packager (80,000 jobs nationally, 4,800 jobs regionally), office helper (115,000 jobs nationally, 6,500 jobs regionally), mail clerk (78,000 jobs nationally, 4,200 jobs regionally), information clerk (90,000 jobs nationally, 5,500 jobs regionally), and bench worker (56,000 jobs nationally, 4,900 jobs regionally). [*Id.* at 35.]

Based on this testimony, the ALJ ultimately concluded that Plaintiff could perform a significant number of jobs in the national economy and, therefore, was not disabled under the Social Security Act, writing as follows:

> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c) and 404.1566).
>
> . . . .
>
> The claimant has not been under a "disability," as defined in the Social Security Act, from March 24, 2006 through the date of this decision (20 CFR § 404.1520(g)).

[AR at 19, 22.]

## II. OVERVIEW OF THE PROCESS

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impariment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

4

**III. STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348,353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286. Furthermore, the court must defer to an agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**IV. ANALYSIS**

In this present matter, Plaintiff does not challenge the ALJ's evaluation of the medical evidence nor the ALJ's assessment of her residual functional capacity. She argues only that the

Commissioner failed to carry his burden at step five of the sequential evaluation process because the ALJ did not ask and the vocational expert did not specify whether the jobs identified in response to the hypothetical questions presented to the vocational expert constituted full- or part-time work.

Once the ALJ found Plaintiff unable to return to her past relevant work [AR at 18], the burden shifted to the Commissioner to show that Plaintiff can perform a significant number of other jobs in the national economy.  See 20 C.F.R. § 404.1520(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).  At step five of the sequential evaluation process, the ALJ must compare Plaintiff's residual functional capacity to the demands of specific jobs in the national economy. See 20 C.F.R. § 404.1520(g); *Webb v. Comm'r of Soc. Sec*, 368 F.3d 629, 633 (6th Cir. 2004).  Typically, the ALJ will submit a hypothetical question to a vocational expert which incorporates Plaintiff's residual functional capacity and asks how many jobs, if any, such an individual can perform. *See Webb*, 368 F.3d at 633.  If the vocational expert is able to identify a significant number of jobs that the hypothetical individual can perform, substantial evidence supports a finding that the claimant is not disabled.  *Id.; Davis v. Sec. of Health and Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990).

Plaintiff would have the ALJ ask and the VE specify whether the jobs identified in response to the hypothetical question

constituted part-time or full-time work. She grounds her theory of error on the fact that the Commissioner defines residual functional capacity as the ability to perform sustained, work-related physical and mental activities on a regular and continuing basis, meaning 8 hours a day, 5 days a week, or an equivalent work schedule. *See* Social Security Ruling 96-8p. Further, she relies on the fact that the Commissioner has taken the position that only the ability to perform full-time work will render a claimant not disabled at step five. *See Kelley v. Apfel*, 185 F.3d 1211, 1214 (11th Cir. 1999) (citing a motion for clarification filed by the Commissioner in that matter).

Plaintiff cannot, however, point to authority requiring the ALJ to specifically ask the vocational expert whether the jobs identified by the vocational expert constitute full-time work before relying on that evidence to conclude that a claimant is not disabled at step 5. Indeed, a similar argument was recently rejected by the Seventh Circuit. *See Liskowitz v. Astrue*, 559 F.3d 736, 744-45 (7th Cir. 2009) (noting that claimant had opportunity to respond to the vocational expert's testimony by offering evidence of her own which demonstrated that the ALJ should not rely upon jobs identified by vocational expert). There is no evidence in this matter to suggest that any of the jobs identified by the vocational expert were less than full-time. Without that evidence, the Court sees no reason for the ALJ to pursue an inquiry about the

7

full-time status of those positions.

Further, Plaintiff's counsel was present for the administrative hearing and had the opportunity to ask the vocational expert about the full- or part-time nature of the jobs identified upon cross-examination. The Court has reviewed the transcript of those proceedings and finds that he did not do so. In this respect, the Court agrees with the Commissioner that the scenario is somewhat akin to that presented in *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 609-07 (6th Cir. 2009), in which the Court of Appeals rejected a claimant's argument that the ALJ failed to determine whether there were conflicts between the expert's testimony and information contained in the Dictionary of Occupational Titles because the ALJ did not question the vocational expert with "sufficient rigor." *Id.* In this case as in *Lindsley*, the claimant was given the opportunity for cross-examination, and the ALJ was under no duty to conduct an independent investigation into the testimony of the vocational expert to determine whether such testimony was correct.[2] *Id.* As Plaintiff has not demonstrated that the ALJ's findings at step 5 of his inquiry were not supported by substantial evidence, her argument on appeal

---

[2]The Court notes, however, that SSR-004p requires the ALJ to ask the vocational expert whether his or her testimony is consistent with the occupational information contained in the DOT. There is no corresponding policy statement requiring the ALJ to ask the vocational expert whether the jobs identified in response to the hypothetical constitute full or part time work.

fails.

**V. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 10] shall be, and the same hereby is, **GRANTED.**

(2) That the plaintiff's motion for summary judgment [Record No. 9] shall be, and the same hereby is, **DENIED.**

This the 19th day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge